**JOHN L. BURRIS ESQ., SBN 69888**
**LATEEF GRAY, ESQ., SBN 250055**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Lateef.Gray@johnburrislaw.com

Attorneys for Plaintiff
RONALD REAMS

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD REAMS, an individual<br><br>               Plaintiff,<br><br>     vs.<br><br>CITY OF HAYWARD, a municipal corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>               Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1 and under the common law of California.  This action is against the City of Hayward and DOES 1-50.

2.      It is also alleged that these violations and torts were committed during the course and

scope of the above-mentioned officers' employment with the City of Hayward Police Department.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Hayward, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

## PARTIES

4. At all times mentioned herein, Plaintiff RONALD REAMS ("Plaintiff") has been and is a resident of California and a United States Citizen.

5. At all times mentioned herein, Defendant CITY OF HAYWARD ("City") is an incorporated public entity duly authorized and existing as such, in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Hayward Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as peace officers.

6. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

# FACTUAL ALLEGATIONS

8. On September 10, 2015, at approximately 6:30 p.m., Plaintiff and his son were driving behind each other in separate vehicles, near 655 Tennyson Road in Hayward CA.

9. All of a sudden, a yet-to-be identified Hayward Police Department officer ordered Plaintiff s son to pull over. Both Plaintiff and his son pulled over. Plaintiff then walked over to his son and the officer. At that point, the officer ordered Plaintiff to step onto the sidewalk. Plaintiff complied with the officer's order. Inexplicably and without provocation, the officer then pulled out his taser and began moving towards Plaintiff.

10. Alarmed, Plaintiff and his son begged the officer not to tase Plaintiff, as Plaintiff was a cardiac patient. Without legal cause or just provocation, the Defendant officer tased Plaintiff multiple times, causing him to fall to the ground and lose consciousness.

11. When Plaintiff awoke, there were at least eleven officers at the scene. Plaintiff s was then transported to St. Rose Hospital in Hayward for alleged medical clearance. However, Plaintiff was never properly cleared medically.

12. Upon leaving St. Rose Hospital, as Plaintiff was being placed into the police vehicle, Plaintiff began to cramp up and could not get into the vehicle. At this point, a yet-to-be identified Hispanic female officer, while on the phone, mockingly, in reference to Plaintiff, stated, "I wish I had a camera so that you could see this."

13. From the hospital, Plaintiff was transported to the Hayward City Jail. While waiting to be processed, this same yet-to-be identified Hispanic female officer approached Plaintiff and began to taunt Plaintiff, saying things to the effect of: "you are a racist"; "God is going to punish you"; "I cannot wait to see you in court"; and "I cannot believe that your handsome, intelligent son is your son."

14. Plaintiff s still suffers from severe pain on the left side of his body as a consequence of this unlawful and excessive use of force. Plaintiff has also suffered neck and spinal injuries as result of this unlawful and excessive use of force. Plaintiff's cardiac problems have worsened as a result of the incident.

15. Plaintiff alleges that only an unreasonable officer would tase a cardiac patient under these circumstances and in the manner the Defendant officer did. Plaintiff similarly alleges that he never presented any threat to anyone that could justify the amount of force that the Defendant officer used.

16. Plaintiff thereafter had several conversations with an Officer Krim, who purported to be working in the Internal Affairs Division of the Hayward Police Department.

17. The actions and omissions of City and the Defendant City of Hayward Police Department officer was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions. City was also responsible for Plaintiff's injuries, through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

18. The actions of Defendants' described herein were brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## **DAMAGES**

19. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth and Fourteenth Amendments, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

20. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988. Plaintiff is also entitled to punitive damages, under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION
### (Violation of the Fourth Amendment of the United States Constitution)
### (42 U.S.C. § 1983)
### (Against Defendants DOES 1-25)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

22. Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (*Monell* - 42 U.S.C. § 1983)
### (Against Defendants City, and DOES 26-50)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that high-ranking City officials, including high-ranking supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by DOES 1-25, and/or the Hayward Police Department.

25. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

26. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, the Hayward Police Department encouraged these officers to continue their course of misconduct and ignored these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

27. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of City police officers, including, but not limited to their use of excessive force.

28. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking Hayward Police Department supervisors DOES 26-50, Defendants DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of Right to Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE § 52.1)**
**(Against Defendants DOES 1-25)**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

31. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

32. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

33. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

34. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code § 52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Violation of Plaintiff's State Statutory Rights)
### (Violation of California Civil Code § 51.7)
### (Against Defendants DOES 1-50)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this Complaint.

36. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants Does 1 through 50, inclusive, as described herein, was motivated by prejudice against Plaintiff. Plaintiff is and was readily recognizable as African-American. In engaging in such conduct, Defendants violated Plaintiff's rights under California Civil Code § 51.7 to be free from violence, or intimidation or threat of violence committed against him because of his race.

37. Under the provisions of California Civil Code § 52(b), Defendants are liable for punitive damages for each violation of California Civil Code § 51.7, reasonable attorney's fees and an additional $25,000.00.

38. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants DOES 1-50)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

40. The present action is brought pursuant to §§ 820 and 815.2 of the California Government Code. Pursuant to §n 820 of the California Government Code, as public employees,

Defendants DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to § 815.2 of the California Government Code.

41. Defendants negligently and without due care violently tased a cardiac patient multiple times without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

42. The violent and needless tasing of Plaintiff occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Assault and Battery)
### (Against Defendants DOES 1-25)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint.

44. Defendants' above-described conduct constituted assault and battery.

45. Defendants' conduct was neither privileged, nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (False Imprisonment/Illegal Detention
### (Against DOES 1-25)

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of this Complaint.

47. Defendants restrained Plaintiff, without just cause, by handcuffing him and subsequently arresting him without cause, to justify their use of force.

48. The aforementioned acts of Defendants was willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of Plaintiff and entitle Plaintiff to exemplary and punitive damages in an amount appropriate to punish or make an example of Defendants, for the public good.

49. Plaintiff has been required to retain counsel to redress the wrongful conduct by Defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants DOES 1-25)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants tased Plaintiff multiple times, while he was defenseless, without legal justification.

52. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

53. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

     3.     For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

     4.     Any and all permissible statutory damages;

     5.     For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

     6.     For cost of suit herein incurred; and

     **7.**     For such other and further relief as the Court deems just and proper.

                                                   **LAW OFFICES OF JOHN L. BURRIS**

Dated:  October 24, 2016                          __/s/ John L. Burris_____
                                                              John L. Burris Esq.
                                                               Attorney for Plaintiff

Dated:  October 24, 2016                          __/s/ Lateef Gray_____
                                                               Lateef Gray Esq.
                                                               Attorney for Plaintiff